IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRACY PRICE,

                **Plaintiff,**

vs.                                          Civ. No. 07-760 JH/WPL

TAKATA CORP., a Japanese Corporation,
et al.,

                **Defendants.**

## MEMORANDUM OPINION AND ORDER

On July 17, 2008, the Court entered a Memorandum Opinion and Order [Doc. 101], which granted in part and denied in part Defendants' Motion to Apply Texas Substantive Law. The Court found therein that Texas law applies to Counts I, III, IV, and VI of Plaintiff's Complaint, while New Mexico law applies to Counts II and V. On July 24, 2008, Plaintiff filed her Motion for Reconsideration [Doc. 104]. Having considered the briefs and the relevant law, the Court finds that the motion for reconsideration should be denied.

Plaintiff brought her Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e). Only three grounds warrant the reconsideration of a court's decision: 1) an intervening change in controlling law; 2) new evidence previously unavailable; or 3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). None of these three grounds is present here, and Plaintiff has failed to present any rationale for reconsideration save her disagreement with the Court's conclusion.

In her Motion for Reconsideration, Plaintiff argues that the Court's finding that New Mexico public policy concerns are not violated by application of Texas substantive law to her

tort claims is "clearly erroneous."  She essentially revamps her already-rejected position that the public policy exception to New Mexico's choice-of-law analysis is applicable.  First, Plaintiff asserts that it is improper to apply Texas legislation that conflicts with New Mexico legislation, because "[l]egislative action is *per se* a statement of public policy."  But this is an oversimplification of the public policy exception.  Although legislative action is indeed an expression of public policy, it simply does not follow that the application of conflicting legislation from a foreign state necessarily violates New Mexico's public policy.  If that were so, there would never be an occasion to apply conflicting foreign legislation or to employ choice-of-law analysis.  Instead, the application of conflicting foreign law violates New Mexico public policy where the law rises "to the level of a fundamental principal of justice."  Memorandum Opinion and Order [Doc. 101], at 4 n.2; *Shope v. State Farm Ins. Co.*, 1996-NMSC-052, ¶ 9, 122 N.M. 398; *see also Tucker v. R.A. Hanson Co.*, 956 F.2d 215, 218 (10th Cir. 1992); *Reagan v. McGee Drilling Corp.*, 933 P.2d 867, 869 (N.M. Ct. App. 1997).

Plaintiff attempts to strengthen prior arguments by citing *Sam v. Estate of Benny Sam*, 2006 NMSC 22, 139 N.M. 474 for the proposition that the application of a shorter foreign statute of limitation in the tort context violates New Mexico policy.  But *Sam* is both factually and legally distinct from this case.  Factually, *Sam* arose from an accident that *occurred in New Mexico* and involved an Arizona government employee.  Legally, the issue before the court in *Sam* was whether New Mexico should extend sovereign immunity to Arizona, along with the Arizona Tort Claims Act's statute of limitations, as a matter of comity.  *Id.* at 475-76.  Although neither the Arizona Tort Claims Act nor the New Mexico Tort Claims Act would have otherwise been applicable, the New Mexico Supreme Court agreed to extend a limited grant of immunity to

Arizona, again under principles of comity, but applied the two-year statute of limitations of the New Mexico Tort Claims Act rather than the one-year statute under the Arizona Tort Claims Act. *Id.* at 481.

Although the court did conclude that the application of Arizona's one-year statute of limitations was inconsistent with New Mexico policy under the circumstances presented in *Sam*, the inference that Plaintiff draws -- that the application of any statute of limitations shorter than that of New Mexico is a violation of New Mexico public policy -- is inaccurate and overbroad. First, the court's decision in *Sam* was of limited scope. The court merely determined that under the circumstances presented there "[t]o apply Arizona's one-year statute of limitations would violate [New Mexico's] public policy of allowing two years to file suit *against a governmental agency*." *Id.* at 481 (emphasis added). No governmental agency has been sued here. Second, while the court in *Sam* extended immunity to its sister state, along with the two-year statute of limitation that would have applied under the New Mexico Tort Claims Act, no sister state is a party to this action. Thus, the principles of comity have no place, and the Court lacks the concomitant discretion in choosing the law that it will apply. The choice-of-law analysis and the doctrine of *lex loci delicti commissi* govern, dictating the application of Texas law, including its statutes of limitation. Finally, the court in *Sam* determined that extending immunity along with New Mexico's two-year statute of limitation fulfilled the principles of comity *without violating New Mexico's public policy*. As Defendants note, the court refused to apply Arizona's one-year statute of limitation not because it was shorter than New Mexico's, but because of how short it was. Notably, the Texas statute of limitations at issue here is a two-year statute, the same length as the one the *Sam* court determined did *not* violate New Mexico public policy. For all of these

reasons, Plaintiff has simply failed to establish that the application of Texas' two-year statute of limitation is a violation of New Mexico public policy.

Next, Plaintiff suggests that because courts sometimes pronounce public policy when the legislative branch is silent, the application of foreign law contrary to such judicial pronouncements is improper. More specifically, she claims that because the New Mexico Supreme Court, in *Scott v. Rizzo*, 634 P.2d 1234 (N.M. 1981), abolished contributory negligence in favor of comparative negligence and discounted a modified version of comparative negligence, the application of Texas' modified comparative negligence is a violation of New Mexico public policy. The *Scott* court did not address whether the application of a foreign state's modified-comparative negligence scheme to a case involving an out-of-state accident would so offend New Mexico public policy as to preclude its application.

The Tenth Circuit *has* provided guidance in this regard. *See Tuato v. Brown*, Nos. 02-2007, 02-2021, 2003 WL 23032371 (10th Cir. Dec. 30, 2003). In *Tuato*, the plaintiffs filed a wrongful death action in New Mexico federal court arising from a fatal automobile accident that occurred in Utah. *Id.* at *1. Applying the *lex loci dilecti* doctrine, the district court applied Utah law to plaintiff's wrongful death claims. *Id.* The Tenth Circuit explicitly rejected the plaintiffs' assertion that applying Utah law violated New Mexico public policy, reasoning that there is "no reason why New Mexico has a compelling policy interest in providing a specific theory of recovery (comparative fault rather than contributory negligence) to California plaintiffs who suffered injury in Utah." *Id.* Similarly, Plaintiff has failed to establish that New Mexico has a compelling policy interest in providing its comparative negligence theory of recovery to a plaintiff who lived in Texas at the time she was involved in an accident in Texas.

Arguing that there is a need to correct clear error or prevent manifest injustice, Plaintiff has attempted to tighten up previously-rejected arguments, in part by citing additional case law that purportedly supports her position. But neither the case law cited by Plaintiff nor the arguments advanced by her are convincing. Further, a motion to reconsider is not a chance to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012. Nor is it an opportunity for a losing party to revamp their case or rehash previously unmeritorious arguments. *In re Sun Healthcare Group, Inc.*, 14 F.R.D. 671, 673 (D.N.M. 2003). Simply put, Plaintiff's mere disagreement with the Court's prior ruling in this matter is insufficient grounds for granting a Rule 59(e) motion for reconsideration.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration, filed July 24, 2008 [Doc. 104], is hereby **DENIED**.

Dated this 14th day of August 2008.

_____
UNITED STATES DISTRICT JUDGE